UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HAROLD ALEXANDER LEE BORDEN,

Plaintiff,

v.

CAUSE NO. 3:23-CV-484-JD-MGG

JOHN GALIPEAU, et al.,

Defendants.

OPINION AND ORDER

Harold Alexander Lee Borden, a prisoner without a lawyer, filed an amended complaint against Warden John Galipeau, Captain Yancey,[1] Lt. Bradford, and Sgt. Dew. ECF 15. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Borden alleges that a high-ranking gang member placed a hit on him. As a result, between July 22, 2022, and July 24, 2022, he was relocated four separate times. Within thirty minutes of his arrival in the fourth location, an offender approached him and

---

[1] While Captain Yancy is named as a defendant, he is not mentioned in the body of the complaint.

indicated that, if he did not leave, he would be hurt. When the chow line released, Borden notified Sgt. Dew. Sgt. Dew said to tell Lt. Bradford. Borden approached Lt. Bradford and began to explain, but Lt. Bradford would not allow him to finish and ordered him to return to his housing unit. He returned, as ordered.

Twenty minutes later, Borden went to the restroom. There he was approached by an offender who told him that, if he did not leave, he would get "poked up." ECF 15 at 4. Borden immediately contacted the dorm officer. The dorm officer contacted Lt. Bradford and told Borden to stand by. Borden then met with Sgt. Dew and Lt. Bradford just outside of the housing unit. Lt. Bradford indicated that he was not going to deal with the situation, that there was no threat on Borden's life, and that he deals with a dozen guys like Borden every day. Borden tried to explain that the threat stemmed from an incident about forty-five days earlier where he was caught with drugs that had been forced upon him by a high-ranking gang member. He explained that the warden was involved in that situation,[2] and on the evening on July 22, 2022, he learned that a letter written to his father had been stolen by an inmate. That letter was misconstrued and believed to indicate that Borden had told on the high-ranking gang member. Lt. Bradford repeatedly told Borden to return to the housing unit. After some arguing,

---

[2] While Borden has named Warden John Galipeau as a defendant, it is unclear why Borden believes the warden should be held liable. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). There are not factual allegations in the amended complaint from which it can be plausibly inferred that Warden Galipeau facilitated, approved, condoned, or turned a blind eye to any violation of Borden's constitutional rights. Therefore, Borden has not stated a claim against Warden Galipeau.

Borden indicated he was tired of not getting help from custody and he was not going to return to the unit.

Lt. Bradford drew his Taser and again ordered Borden back in the unit. He refused. Sg. Dew grabbed Borden's arm. Borden panicked and pulled it away, and he again indicated that he would not go back in the unit. Lt. Bradford then punched Borden in the face. He slid halfway down the wall and Lt. Bradford then kneed him in the face. Sgt. Dew forced Borden to the ground. They both stomped Borden's head, neck, and shoulders for three to five minutes. When they stopped, Borden sat up. Lt. Bradford then began yelling for Borden to stop resisting. Lt. Bradford began forcing Borden's arm up with his elbow locked and continued yelling for Borden to stop resisting. Borden asked him to stop and said he was not resisting. Borden said that there was something wrong with his arm, that he was done, and that he was sorry. Lt. Bradford punched Borden again and told him to lie face down. He complied. Lt. Bradford kneeled on Borden with his entire body weight while telling him to get up. Borden screamed that he could not get up and asked Lt. Bradford to stop, explaining that his arm hurt. After five of six minutes, Lt. Bradford got up and pulled Borden up by grabbing his bicep. Lt. Bradford then used Borden's arm to slam him into the wall. He told Borden to cuff up and Borden complied.

Lt. Bradford shoved Borden along by his arm to the EC Squad Room. He then slammed his face into the outside of the cell and then the inside cell wall. He ordered Borden to strip down to his boxers. Borden did as he was told. After the incident, a nurse examined Borden and concluded that his arm was not broken, but X-rays taken

3

on July 26, 2022, showed he suffered from a spiral fracture to his humerus. The fracture was surgically repaired.

Lt. Bradford wrote Borden up for battery based on this incident, and Borden pled guilty. He lost sixty days of good time credit and spent seven months in segregation for a battery charge "that was completely fabricated by Lt. Bradford and Sergeant Dew." ECF 15 at 7. He asserts that he "did not strike or attempt to strike either of them." *Id.*

Borden did not return to the unit, and he was not attacked by the inmates who threatened him. Mere fear of an attack that does not occur does not state a claim for monetary damages. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." (internal quotation marks and citation omitted)). Therefore, Borden cannot proceed on a failure to protect claim.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* However, because Borden has been convicted of an offense related to the allegations, there is another consideration here.

> In *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–2373, 129 L.Ed.2d 383 (1994), this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quotation marks omitted). While Borden's description of the incident suggests that the force used against him was excessive, he may only proceed here "to the extent that the facts underlying the excessive force claim are not inconsistent with the essential facts supporting the conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014) (citing *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010)). Excessive force claims are not always inconsistent with an outstanding conviction. *Id*. However, when the plaintiff's excessive force claim necessarily refutes the factual underpinnings for his conviction, the claim is barred by *Heck*. *Id.*; *see also Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016) (excessive force claim was barred by *Heck* because "if the incident unfolded as [the plaintiff] alleges in his civil suit, then he could not have been guilty of aggravated battery of a peace officer").

Borden's amended complaint did not provide details regarding the allegations upon which the battery charge was based, so he was ordered to provide documents explaining the factual basis for the conviction. Those documents demonstrate that Borden struck Lt. Bradford to the chest or shoulder immediately before force was utilized. Borden denies he struck Lt. Bradford. Borden, however, was convicted of battery and that conviction has not been overturned, so he is precluding from denying that he struck Lt. Bradford in this action. Therefore, it must be accepted as true that Borden struck Lt. Bradford. But, even assuming Borden struck Lt. Bradford, Borden has

5

plausibly alleged that the force he describes was excessive in response to the battery. In other words, a finding in Borden's favor here would not necessarily be inconsistent with the finding that he is guilty of the related battery charges. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

For these reasons, the court:

(1) GRANTS Harold Alexander Lee Borden leave to proceed against Lt. Bradford and Sgt. Dew in their individual capacities for compensatory and punitive damages for using excessive force against Borden following Borden's battery of Lt. Bradford on July 24, 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden John Galipeau and Captain Yancey;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lt. Bradford and Sgt. Dew at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 15);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Bradford and Sgt. Dew to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

6

SO ORDERED on May 10, 2024

                                          /s/ JON E. DEGUILIO  
                                        JUDGE  
                                        UNITED STATES DISTRICT COURT